UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>       Plaintiff,<br><br>   v.<br><br>QOLOR LLC,<br><br>       Defendant. | Case No. 21-cv-08475-RS<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |

## I. INTRODUCTION

Plaintiff Scott Johnson moves for default judgment against Qolor LLC in this action brought under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. Johnson seeks damages, attorneys' fees and costs, and an injunction requiring Qolor to provide wheelchair accessible outside dining surfaces at Qolor's Nam Giao Restaurant. Johnson argues he was denied public accommodations because the outdoor dining tables were not ADA-compliant. However, his Complaint does not aver any facts about the indoor dining facilities, among other deficiencies. Thus, it is unclear whether his complaint is meritorious; at the least, it makes default judgment inappropriate at this juncture. For the reasons further set out below, the motion is denied, without prejudice as to a renewed motion should the Complaint be amended.

## II. BACKGROUND

Johnson, a wheelchair-bound quadriplegic with significant manual dexterity impairments, filed this action on October 31, 2021, after visiting Nam Giao Restaurant three times in the month of August 2021, and finding that the outdoor dining accommodations were not wheelchair

accessible. Johnson requested Entry of Default after showing that the complaint and summons were served on a person who seemed to be "in charge" (and also served by mail). The clerk entered the default on March 4, 2022. Qolor has not answered at any point during the lawsuit.

## III. LEGAL STANDARD

Following entry of default, courts may exercise their discretion as to whether default judgment should be entered. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In doing so, they must consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). All factual allegations in plaintiffs' complaint, except for those relating to damages, should be taken as true. *Tele Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Where relief is granted, it should not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## IV. DISCUSSION

The second and third *Eitel* factors both examine the merits and sufficiency of a plaintiff's complaint, and accordingly, are "often analyzed together." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). These factors require courts to "consider whether a plaintiff has 'state[d] a claim on which [it] may recover.'" *Id.* While no single *Eitel* factor is dispositive, these factors are commonly considered to be "the most important." *Id.* (quoting *Sanrio, Inc. v. Jay Yoon*, No. 10-CV-05930-EJD, 2012 WL 610451 at *4 (N.D. Cal. Feb. 24, 2012). Thus, the merits of Johnson's claim are a natural place to begin the analysis.

To prevail on his ADA claim, Johnson must show that (1) "[he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) [] [he] was denied public accommodations by the defendant

because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). The Complaint does not aver which version of the ADA standards apply, those from 1991 or 2010. However, both versions require only that at least 5% of tables fixed to walls or floors be ADA-compliant. *See Whitaker v. Lonely Planet LLC*, No. 21-03365-WHA, 2022 WL 3084316 at *2 (N.D. Cal. 2022) (discussing both versions of the standards, including the current standards codified at 36 C.F.R. § 1191, App. C, F226.1).

Johnson's Complaint is deficient in several respects. First, it is unclear whether the outdoor tables were fixed. (A declaration from his investigator, Randall Marquis, includes an exhibit with photos which appear to show they were not fixed. Dkt. No. 19-6.) Beyond that, the Complaint does not include any facts about the tables available for dining indoors. Courts in this district have held that alleging only that the outdoor dining tables were ADA-deficient is not enough to grant default judgment. *E.g.*, *Johnson v. Tram Chim's Corp*, No. 21-CV-01821-WHO, 2021 WL 6129054 at *1 (N.D. Cal. Nov. 8, 2021) (same Plaintiff). Even taking his Complaint as true, it is unclear—at best—whether Johnson was denied any public accommodations in violation of the ADA. *Molski*, 481 F.3d at 730. Because his Unruh claim is entirely derivative of his ADA claim, all of Johnson's Complaint is defective, strongly weighing against granting default judgment.

Several of the remaining *Eitel* factors counsel against granting default judgment here. 782 F.2d at 1471–72. There is a strong possibility of disputes concerning material facts. Also, the policy of resolving disputes on the merits also weighs against granting judgment. The final *Eitel* factors are essentially neutral. First, denying default judgment will prejudice Johnson, but almost entirely in an abstract sense, as he does not plan to return until and unless necessary to verify ADA compliance in connection with this lawsuit. *See* Complaint at ¶¶ 8, 20. Second, because the merits cannot be determined, the reasonableness of the award in relation to the seriousness of the defendant's conduct cannot be determined either. *See Brightpoint Distribution, LLC v. AliphCom*, No. 16-CV-03837-EDL, 2017 WL 7310780, at *4 (N.D. Cal. Dec. 4, 2017). Finally, there is no information one way or another as to whether default was due to excusable neglect.

In a different procedural context, some courts have held that the broad prohibition against

discrimination in the ADA means that even establishments with no fixed tables should be required to provide ADA seating. *Whitaker v. 2008 Shattuck Ave, LLC*, No. 21-CV-03083-EMC, 2021 WL 3676967 at *1–2 (N.D. Cal. 2021) (order denying motion to dismiss, canvassing cases relying on the ADA's mandate that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the […] accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).). Here, however, given the clear language in the ADA standards that only 5% of fixed tables need to be ADA-compliant; the lack of evidence about the indoor dining facilities; and the weight of the other *Eitel* factors against default judgment, that theory need not be addressed to hold that default judgment is inappropriate here. (Also, the dispersion requirement—that ADA-compliant seating be spread throughout the facility—may or may not apply depending on how many tables there are, another fact unaverred in the Complaint. 36 C.F.R. § 1191, App. C, F226.2.)

## V. CONCLUSION

Johnson's motion for entry of default judgment is denied, without prejudice to a similar motion being made on an amended Complaint, should leave to amend be granted. Plaintiff shall have 21 days to file a motion for leave to file an amended Complaint.

**IT IS SO ORDERED**.

Dated: August 12, 2022

_____
RICHARD SEEBORG
Chief United States District Judge